Citation Nr: 1714103 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 06-36 966 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for a psychiatric disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

H. Ahmad, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1977 to January 1983. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

The Veteran testified at a February 2009 hearing at the RO that was conducted by a Veterans Law Judge (VLJ) who is no longer employed by the Board. A copy of the transcript is of record.

In May 2013, the Board denied the Veteran's appeal. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In a February 2014 Order, the Court granted a joint motion to remand the appeal to the Board. In July 2014, February 2015, July 2015, and May 2016, the Board remanded the appeal for further development. 


REMAND

The Board may decide an appeal only after affording the Veteran an opportunity for a hearing. 38 U.S.C.A. § 7107(b) (West 2014); 38 C.F.R. § 20.700(a) (2016). In February 2009, the Veteran testified at a hearing before a VLJ who is no longer employed at the Board. The Veteran was provided with the option to testify at another hearing with a VLJ who will participate in the decision on her claims. 38 CFR § 20.707 (2016). In correspondence dated in February 2017, the Veteran opted for another Board hearing at the RO. Therefore, a Board hearing should be scheduled for the Veteran.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Board hearing before a Veterans Law Judge at the RO. Notify the Veteran and representative of the date, time, and location of the hearing. Once the Veteran has been afforded the requested hearing, or in the event that the Veteran withdraws the hearing request or fails to appear, the case should be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Jennifer Hwa
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).